# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Kendrick J. Collier, | Case No.: 2:18cv1955-APG-PAL |
| Petitioner, | **ORDER DISMISSING CASE** |
| v. | |
| Jerry Howell, et al., | |
| Respondents. | |

Petitioner Kendrick J. Collier is a Nevada prisoner serving a sentence of life in prison without possibility of parole. Collier initiated this action, *pro se*, on October 10, 2018. On November 20, 2018, after the matter of payment of filing fee was resolved, I screened Collier's petition and supporting memoranda pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. ECF No. 6. I determined that Collier's petition appears to be subject to dismissal as a successive petition, but I granted Collier an opportunity to show cause why I should not dismiss his action on that ground. *See id*. Collier responded on December 20, 2018. ECF No. 12. I now conclude that Collier's petition is successive, that he has not obtained from the Ninth Circuit Court of Appeals the permission required to pursue a successive habeas petition, and that he has not shown that this action should not be dismissed on that ground. Therefore, I will dismiss this action.

Collier's habeas petition challenges his 1998 convictions and sentences in Case Number C139370 in Nevada's Eighth Judicial District Court, for first degree murder with use of a deadly weapon and attempted murder with use of a deadly weapon. *See* Petition for Writ of Habeas

Corpus, pp. 1-2. Collier has already litigated a federal habeas corpus petition in this court regarding those convictions and sentences.

I take judicial notice of the proceedings in Case Number 3:03-cv-00069-LRH-VPC in this court. In that case, initiated by Collier in 2003, Collier challenged the same convictions and sentences that he challenges in this case. *See* Petition for Writ of Habeas Corpus, ECF No. 7 in Case No. 3:03-cv-00069-LRH-VPC. On March 17, 2006, this court denied Collier relief in that case, and judgment was entered on March 20, 2006. *See* Order entered March 17, 2006, ECF No. 41 in Case No. 3:03-cv-00069-LRH-VPC; Judgment, ECF No. 42 in Case No. 3:03-cv-00069-LRH-VPC. Collier appealed, and the Ninth Circuit Court of Appeals affirmed the judgment on November 6, 2007. *See* Memorandum, ECF No. 56 in Case No. 3:03-cv-00069-LRH-VPC; Judgment, ECF No. 57 in Case No. 3:03-cv-00069-LRH-VPC.

A petitioner may not file a successive habeas petition in this court unless he has obtained permission from the Ninth Circuit Court of Appeals to do so. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

In his response to my November 20, 2018 order, Collier essentially argues that he should be allowed to pursue a new habeas petition in this court because of developments in the law since his conviction or since his last federal habeas petition. Collier points to legal developments regarding the elements of first degree murder in Nevada, particularly *Riley v. McDaniel*, 736 F.3d 719 (9th Cir. 2015); *Babb v. Lozowsky*, 719 F.3d 1019 (9th Cir. 2013); *Nika v. State*, 124 Nev. 1272, 198 P.3d 839, 849 (2008); *Polk v. Sandoval*, 503 F.3d 903 (9th Cir. 2007); and

2

*Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000).  This, though, is an argument that Collier must make to the Ninth Circuit Court of Appeals.

Collier's petition in this case is plainly successive and he has not obtained permission from the court of appeals to file a successive habeas petition.  I will dismiss this action on that ground.  The dismissal of this action is without prejudice to Collier requesting permission from the Ninth Circuit Court of Appeals to file a successive habeas petition.  I do not mean to convey any indication whatsoever of my views regarding the merits of Collier's argument that he should be permitted to pursue a new habeas corpus action in this court.  Collier may seek such permission from the Ninth Circuit Court of Appeals.

IT IS THEREFORE ORDERED that this action is **DISMISSED.**

IT IS FURTHER ORDERED that, because jurists of reason would not find it debatable whether this ruling is correct, Collier is denied a certificate of appealability.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

Dated:  February 14, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE